UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 15-154** |
| v. | * | **SECTION: "A"** |
| **LEROY PRICE, ET. AL** | * | |

\* \* \*

**UNITED STATES' OPPOSITION TO MOTION FOR EVIDENTIARY HEARING**

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and files this Opposition to Defendants' Motion for Evidentiary Hearing (the "Motion"). Rec. Doc. 1138.

The Motion contends that an evidentiary hearing is necessary because there are facts in dispute that must be resolved in order to determine whether the motions for a new trial should be granted. Rec. Doc. 1138 at 5. Specifically, the Motion argues that additional evidence is necessary to determine the level of coordination between state and federal authorities in the investigation and prosecution of this case; whether the failure to obtain the disputed McCaskill letter was attributable to a lack of diligence by the defense; and whether the letter was material. *Id*. at 4. The Motion envisions an evidentiary hearing where witnesses from the Orleans Parish District Attorney's Office, the United States Attorney's Office, the FBI, the New Orleans Police Department, the Multi Agency Gang Unit, the Orleans Parish Criminal District Court Clerk of Court's Office, members of the defense teams, and Washington McCaskill would be called. *Id*.

Contrary to the arguments in the Motion, the Court can resolve the issues related to the McCaskill letter without an evidentiary hearing. The Fifth Circuit has made clear that a motion for a new trial may ordinarily be ruled upon without the necessity of conducting an evidentiary hearing. *See*, *e.g.*, *United States v. Simmons,* 714 F.2d 29, 30 (5th Cir. 1983); *United States v.*

*Metz,* 652 F.2d 478, 481 (5th Cir. 1981).  Moreover, the decision whether to hold an evidentiary hearing rests within the sound discretion of the trial court, "subject to . . . review only for abuse." *United States v. Johnson,* 596 F.2d 147, 148 (5th Cir. 1979); *United States v. Runyan*, 290 F.3d 223, 248 (5th Cir. 2002).  Here, the Court should exercise its discretion to decide the new trial motions without conducting an evidentiary hearing.

First, as explained in the government's global opposition to the motions for acquittal/new trial, Rec. Doc. 1120 at 46-48, evidence admitted at trial demonstrated that the level of coordination did not rise to the level required to make the Orleans Parish District Attorney's Office part of the federal prosecution team.  SA Wood testified that the federal case began as a wiretap investigation into the individuals who were prosecuted in the 11-107 case, which eventually included Stewart, Lewis, Doyle, Perry, and Owney.  SA Wood testified that Darryl Franklin began cooperating in late 2013/early 2014 and that Gregory Stewart did not sign his cooperation agreement until the summer of 2014.  The state indictment of the 3NG gang, however, came down in June of 2013.  In other words, the state authorities had already indicted the case on which they were supposedly so closely coordinating with the federal authorities before the federal authorities got any information from Stewart and Franklin.  Federal authorities, after learning of the alliance between the gangs, wanted to obtain useful evidence from the state authorities and to adopt for prosecution certain of the state defendants who had committed murders with Gregory Stewart.  That does not mean the two sovereigns were working hand-in-hand.  The Court can make that finding based on what is already in the record without taking any additional evidence.

Second, the Court can avoid the suppression/prosecution team issue entirely by denying the motions on the ground that the letter was cumulative impeachment and thus not material.  *See* Rec. Doc. 1120 at 49-54.  Even assuming arguendo that the letter was "suppressed," which the

2

government disputes, "[s]uppressed evidence is not material when it merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." *Felder v. Johnson,* 180 F.3d 206, 213 (5th Cir. 1999). If that rule does not apply here, it is difficult to imagine a case in which it would apply. Each of the cooperating witnesses, and particularly Stewart, McCaskill, and Franklin, were cross-examined at length. In McCaskill's case, the impeachment included multiple recorded jail calls in which McCaskill says that Franklin and Stewart are lying, which is the exact same thing he says in the disputed letter. In other words, the supposedly "material" letter was cumulative of the massive amount of general impeachment *and* cumulative of a specific point of impeachment for McCaskill. As explained at length in the government's global opposition, there is no basis for concluding that the letter would have had any impact on the jury's assessment of the witnesses. *See*, *e.g.*, *United States v. Cessa*, ___ F.3d___, 2017 WL 2742277 (5th Cir. June 9, 2017) ("Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."). It was therefore not material, and the Court can make that determination without taking additional evidence since the Court heard the whole trial.

This exact course was approved of in *United States v. Chagra*, 735 F.2d 870, 873 (5th Cir. 1984), where the district court determined that "in light of the weight of other evidence in the record, the allegedly perjured testimony was not material because it could not have affected the judgment of the jury." There, the new trial claim was premised on allegedly false testimony, which requires a showing that the challenged testimony was (1) actually false, (2), material, and (3) that the prosecutors knew. *Id*. The district court had scheduled an evidentiary hearing to address the prosecutor's knowledge of the alleged falsity, but canceled the hearing after determining from the record that the statements were not material. Once that determination was made, the hearing was

3

unnecessary because even if the defendants could have established the other elements of their claim, it still would have been denied on materiality grounds.  The same result should apply here.

*United States v. MMR Corp.*, 954 F.2d 1040, 1046 (5th Cir. 1992), is also instructive. There, the district court denied a motion for a new trial based on a witness's recantation of evidence without an evidentiary hearing.  In affirming the district court's denial of the motion without a hearing, the Fifth Circuit emphasized that "the court had already had ample opportunity to evaluate [the witness's] credibility during his more than four days of trial testimony, including at least two days of cross-examination. . . ."  The Fifth Circuit noted its precedent that "indicated that the acumen gained by the trial judge in presiding over the course of the trial makes Rule 33 motions directed to the same judge 'particularly suitable for ruling without a hearing.'" *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)).  Further, as in *Chagra*, the Fifth Circuit emphasized that the hearing was unnecessary because the district court ruled on a prong of the new trial motion that did not relate to the requested evidentiary hearing.  *See MMR Corp.*, 954 F.2d at 1046 ("The only issue on which an evidentiary hearing might have been useful was the charge of misconduct and coercion by the prosecutor, [and] the court did not rely on the absence of prosecutorial misconduct in denying the motion.").

Here, where the Court heard weeks of testimony,[1] including several days of cross-examination of the cooperating gang members, the Court can determine the letter was immaterial without additional evidence being presented.  Once that determination is made, an evidentiary hearing on the level of coordination between state and federal authorities is unnecessary because

---

[1] Although the defense appears to believe the entire case was cooperator testimony, that testimony was in fact supported by a massive amount of ballistic evidence; photos and videos showing the defendants dealing drugs, possessing guns, and associating and representing their gang; wiretaps discussing drug dealing, murders, and stashing guns; and scores of arrests and/or convictions for drug dealing and gun possession during the course of the conspiracy.

4

the motions would be denied even if the defense were somehow able to convince the Court that the state authorities were part of the prosecution team.

For the foregoing reasons, the government respectfully requests that the Court deny the defendants' Motion for Evidentiary Hearing.

                Respectfully submitted,

                DUANE A. EVANS
                ACTING UNITED STATES ATTORNEY

                /s/ David Haller
                DAVID HALLER
                Assistant United States Attorney
                650 Poydras Street, Suite 1600
                New Orleans, LA 70130
                Telephone: (504) 680-3000
                Facsimile: (504) 589-4390

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

                /s/ David Haller
                DAVID HALLER